UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TYRON LEROY CADY,

    Plaintiff,

v.                                           Case No.  5:19-cv-8-MCR/MJF

MOORE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by this court on May 7, 2019. (Doc. 6). For the following reasons, the undersigned recommends that the present action be **DISMISSED** without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

**I.**    **Background**

On January 7, 2019, Plaintiff, previously an inmate at the Holmes County Jail, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff named six defendants. (Doc. 1 at 2-3). Plaintiff sought to assert the following claims: (1) violations of the Health

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Insurance Portability and Accountability Act of 1996; (2) violations of the Due Process Clause of the Fourteenth Amendment; (3) Privacy Act violations; (4) false imprisonment; (5) civil rights violations, including deliberate indifference to a serious medical need in violation of the Fourteenth Amendment; (6) negligence; (7) discrimination; and (8) harassment. (*id*. at 8). For relief, plaintiff sought expungement of his record, compensatory damages, an inspection of the Holmes County Jail, and the closure of the Holmes County Jail. (*id*.).

On March 6, 2019, the undersigned ordered the Plaintiff to either file a motion to proceed *in forma pauperis* or pay the $400 filing fee. (Doc. 3). The undersigned gave Plaintiff thirty days to comply and warned Plaintiff that failure to comply likely would result in dismissal of his action. (*id*. at 2).

On March 19, 2019, that order was returned as undeliverable and marked "refused." (Doc. 4). The clerk of the court re-mailed the order to the address provided by Plaintiff in his complaint. On April 29, 2019, the order was returned a second time as "undeliverable." (Doc. 5). On May 7, 2019, the undersigned issued an order to show cause that directed Plaintiff to explain why the undersigned should not dismiss this action for Plaintiff's failure to comply with an order of the court and his failure to keep the court apprised of his address. (Doc. 6). On May 16, 2019, that order was returned as undeliverable because the Plaintiff had been released from custody. (Doc. 7). Plaintiff never filed a motion to proceed *in forma pauperis*, never

paid the filing fee, never responded to the undersigned's orders, and failed to keep this court apprised of his current address.

## II. Discussion

The undersigned recommends that this Court dismiss Plaintiff's complaint for two reasons: (1) Plaintiff failed to pay the filing fee; and (2) he failed to comply with two court orders.

### A.  **Failure to Pay the Filing Fee or Seek to Proceed *in forma pauperis***

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *n forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other

appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1 Before a court may dismiss an action for failure to pay the filing fee, the court must first afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. (Doc. 3). The undersigned warned the Plaintiff that the failure to comply with the court order likely would result in dismissal of this action. The undersigned subsequently issued an order to show cause, giving the Plaintiff thirty days to explain why he failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee, seek leave to proceed *in forma pauperis,* or explain his failure to comply with the court's previous order likely would result in dismissal of this

action. (Doc. 6). Despite these warnings and an opportunity to explain his failure to comply, Plaintiff has neither explained his failure to pay the filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

**B.    <u>Failure to Comply with Court Orders</u>**

As a separate independent reason to dismiss this case, the Plaintiff has failed to comply with two court orders.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an

order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** The undersigned issued the order for the Plaintiff to file a motion to proceed *in forma pauperis* or pay the $400 filing fee on March 6, 2019, and gave Plaintiff thirty days to comply. The clerk of court made two attempts to mail the order to the Plaintiff at the address provided in his complaint. Both attempts resulted in the order being returned as "undeliverable." On May 7, 2019, approximately two months after the initial order, the undersigned issued an order to show cause and gave the Plaintiff another thirty days to comply. That order was returned because the Plaintiff had been released from custody. Additionally, Plaintiff has not filed anything with this court since he filed his complaint on January 7, 2019. Thus, it has been over six months since the Plaintiff has initiated contact with this court, and several months since this court attempted to contact Plaintiff, to no avail.

**(2) Plaintiff's failure to comply with two orders.** The Plaintiff has failed to comply with two orders:

      a.      the order issued on March 6, 2019; and

      b.      the order issued on May 7, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not responded and has not complied with this court's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address).

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Furthermore, he has not paid the filing fee, so he will not forfeit any money. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The

Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid and that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to comply with court orders, pay the filing fee, prosecute this action, or keep this court apprised of his current address. *See Gilbert*, 725 F. App'x at 792. The orders issued by the undersigned were help facilitate disposition of cases on their merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition, the need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Upon filing a *pro se* complaint, the Plaintiff received a packet from the clerk of court informing Plaintiff that he was required to notify the clerk of court if Plaintiff's mailing address changed. Plaintiff failed to update the clerk with his mailing address. He likewise has not complied with two orders issued by this court. Plaintiff's failure to update his address and his failure to comply with the undersigned's orders suggests that Plaintiff is unlikely to comply with any future orders. Imposition of a fine likely

would be inefficacious. Dismissal is the most appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and failure to comply with court orders.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 10th day of June, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.